<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| WILFREDO VARGAS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 10-892 (SRC) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff Wilfredo Vargas ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision is supported by substantial evidence and is hereby **AFFIRMED**.

**I. BACKGROUND**

The following facts are undisputed. Plaintiff was born in 1963. He has worked as a warehouseman and cook. In 2006, he filed applications for Disability Insurance and Supplementary Security Income benefits, which he subsequently amended to allege disability since January 1, 2005. Plaintiff's claims were denied by the Commissioner initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before Administrative Law Judge James Andres (the "ALJ"). The ALJ denied Plaintiff's claim in an unfavorable decision

issued on April 9, 2009. After the Appeals Council denied Plaintiff's request for review of the ALJ's decision, that decision became final as the decision of the Commissioner of Social Security. Plaintiff then filed the instant appeal of the Commissioner's decision.

## II. DISCUSSION

### A. Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). This Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

The reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom. Williams v. Shalala, 507 U.S. 924 (1993) (citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984)). If the ALJ's findings of fact are supported by substantial evidence, this Court is bound by those findings, "even if [it] would have decided the factual inquiry differently." Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001); see also Hartranft v.

Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

In determining whether there is substantial evidence to support the Commissioner's decision, the reviewing court must consider: "(1) the objective medical facts; (2) the diagnoses and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; (4) the claimant's educational background, work history and present age." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1973). "The presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." Sassone v. Comm'r of Soc. Sec., 165 Fed. Appx. 954, 955 (3d Cir. 2006) (citing Blalock, 483 F.2d at 775).

**B.      Standard for Awarding Benefits Under the Act**

The claimant bears the initial burden of establishing his or her disability. 42 U.S.C. § 423(d)(5). To qualify for DIB or SSI benefits, a claimant must first establish that he is needy and aged, blind, or "disabled." 42 U.S.C. § 1381. A claimant is deemed "disabled" under the Act if he is unable to "engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); see also Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987). Disability is predicated on whether a claimant's impairment is so severe that he "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). Finally, while subjective complaints of pain are considered, alone, they are not enough to establish disability. 42 U.S.C. § 423(d)(5)(A). To demonstrate that a disability exists,

a claimant must present evidence that his or her affliction "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically accepted clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

C.     **The Five-Step Evaluation Process**

Determinations of disability are made by the Commissioner, pursuant to the five-step process outlined in 20 C.F.R. § 404.1520. The claimant bears the burden of proof at steps one through four. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987); Gist v. Barnhart, 67 Fed. Appx. 78, 81 (3d Cir. 2003).

At the first step of the evaluation process, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity.[1] 20 C.F.R. § 404.1520(b). If a claimant is found to be engaged in such activity, the claimant is not "disabled" and the disability claim will be denied. Id.; Yuckert, 482 U.S. at 141.

At step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. §§ 404.1520(a)(ii), (c). An impairment is severe if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Id. In determining whether the claimant has a severe impairment, the age, education, and work experience of the claimant will not be considered. Id. If the claimant is found to have a severe impairment, the Commissioner addresses step three of the process.

At step three, the Commissioner compares the medical evidence of the claimant's impairment(s) with the impairments presumed severe enough to preclude any gainful work, listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. See 20 C.F.R. § 404.1594(f)(2). If a claimant's

---

[1] Substantial gainful activity is "work that involves doing significant and productive physical or mental duties; and is done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

impairment meets or equals one of the listed impairments, he will be found disabled under the Social Security Act. If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to step four.

In Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119-20, 120 n.2 (3d Cir. 2000), the Third Circuit found that to deny a claim at step three, the ALJ must specify which listings[2] apply and give reasons why those listings are not met or equaled. In Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004), however, the Third Circuit noted that "Burnett does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of Burnett is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." (Id.) An ALJ satisfies this standard by "clearly evaluating the available medical evidence in the record and then setting forth that evaluation in an opinion, even where the ALJ did not identify or analyze the most relevant listing." Scatorchia v. Comm'r of Soc. Sec., 137 Fed. Appx. 468, 471 (3d Cir. 2005).

Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work. 20 C.F.R. § 404.1520(e). If the claimant is able to perform his past relevant work, he will not be found disabled under the Act. In Burnett, the Third Circuit set forth the analysis at step four:

> In step four, the ALJ must determine whether a claimant's residual functional capacity enables her to perform her past relevant work. This step involves three substeps: (1) the ALJ must make specific findings of fact as to the claimant's residual functional capacity; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the residual functional capacity to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant

---

[2] Hereinafter, "listing" refers to the list of severe impairments as found in 20 C.F.R. Part 404, Subpart P, Appendix 1.

work.

Burnett, 220 F.3d at 120.  If the claimant is unable to resume his past work, and his condition is deemed "severe," yet not listed, the evaluation moves to the final step.

At the fifth step, the burden of production shifts to the Commissioner, who must demonstrate that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity.  20 C.F.R. §§ 404.1512(g), 404.1560(c)(1).  If the ALJ finds a significant number of jobs that claimant can perform, the claimant will not be found disabled.  Id.

When the claimant has only exertional limitations, the Commissioner may utilize the Medical-Vocational Guidelines found in 20 C.F.R. Part 404, Subpart P, Appendix 2 to meet the burden of establishing the existence of jobs in the national economy.  These guidelines dictate a result of "disabled" or "not disabled" according to combinations of factors (age, education level, work history, and residual functional capacity).  These guidelines reflect the administrative notice taken of the numbers of jobs in the national economy that exist for different combinations of these factors.  20 C.F.R. Part 404, Subpart P, Appendix 2, Paragraph 200.00(b).  When a claimant's vocational factors, as determined in the preceding steps of the evaluation, coincide with a combination listed in Appendix 2, the guideline directs a conclusion as to whether an individual is disabled.  20 C.F.R. § 404.1569; Heckler v. Campbell, 461 U.S. 458 (1983).  The claimant may rebut any finding of fact as to a vocational factor.  20 C.F.R. Part 404, Subpart P, Appendix 2, Paragraph 200.00(b).

Additionally, pursuant to 42 U.S.C. § 423(d)(2)(B), the Commissioner, in the five-step process, "must analyze the cumulative effect of the claimant's impairments in determining

whether she is capable of performing work and is not disabled." Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999).  Moreover, "the combined impact of the impairments will be considered throughout the disability determination process." 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 1523. However, the burden still remains on the Plaintiff to prove that the impairments in combination are severe enough to qualify him for benefits.  See Williams v. Barnhart, 87 Fed. Appx. 240, 243 (3d Cir. 2004) (placing responsibility on the claimant to show how a combination-effects analysis would have resulted in a qualifying disability).

  D. The ALJ's decision

In brief, the issue before the ALJ was whether Plaintiff was disabled under the Social Security Act during the period subsequent to January 1, 2005.  The ALJ examined the record and determined that: 1) at step one, Plaintiff had not engaged in substantial gainful activity during the relevant time period; 2) at step two, Plaintiff had HIV infection, osteomyelitis of the great left toe, and depression, which were "severe" impairments within the meaning of the Regulations; 3) at step three, Plaintiff's impairments, singly or in combination, did not meet or equal an impairment in the Listings; 4) at step four, Plaintiff retained the residual functional capacity to perform sedentary work involving no more than simple tasks, but was not able to perform his past relevant work; and 5) at step five, considering the claimant's age, education, work experience, and residual functional capacity, there are jobs which exist in significant numbers in the national economy that the claimant can perform.  The ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, during the relevant time period.

  E. Plaintiff's Appeal

Plaintiff first argues that the ALJ erred at the fifth step by relying exclusively on the Grids, which are inapplicable when a claimant has non-exertional impairments.  This argument

fails for lack of a proper foundation.  The ALJ found no non-exertional limitations.  For Plaintiff to succeed in his challenge to the fifth step, he must first persuade that the ALJ's determination that Plaintiff had no non-exertional limitations is not supported by substantial evidence.  In the absence of such a demonstration, Plaintiff's challenge to the ALJ's use of the Grids lacks an adequate foundation.

     Plaintiff next argues that the ALJ erred at the third step, and that the determination that Plaintiff fails to meet Listing 14.08 is not supported by substantial evidence.  Specifically, Plaintiff contends that he has suffered from herpes zoster and thus is presumptively entitled to a finding of disability under Listing 14.08(D)(3).  Plaintiff asserts this as an undisputed fact, but provides no citation to the record to support it.  If Plaintiff is in fact correct, this is a most unfortunate omission on the part of his counsel.  This Court cannot find error and reverse the ALJ on this point absent a citation to evidence of record that supports Plaintiff's claim that, during the period at issue, he did in fact suffer from herpes zoster.

     The same holds true for Plaintiff's argument that the ALJ erred by failing to consider whether Plaintiff met the requirements of Listing 14.08N.  It is true that the ALJ's decision states that the ALJ considered the requirements of Listing 14.08 subsections A through M, and it does not appear that subsection 14.08N was considered.  To merit reversal, however, a party must do more than point out a Listing that might have been met.  At step three, Plaintiff bears the burden of proof.  In order to merit a reversal, Plaintiff must muster specific evidence and show, at a minimum, that he met his burden of proof at step three.  This is a minimum, because, on appeal, Plaintiff must persuade this Court that the ALJ's decision is not supported by substantial evidence.  In the absence of a demonstration, based on specific, identified evidence of record, that Plaintiff met his burden of proof as to Listing 14.08N, this Court cannot conclude that the

8

omission of Listing 14.08N was anything but harmless error. Plaintiff has failed to muster the evidence which demonstrates that he met his burden of proof as to Listing 14.08N.

Lastly, Plaintiff challenges the ALJ's residual functional capacity determination on the ground that probative evidence was omitted. Plaintiff's brief is unpersuasive on this point. Plaintiff begins with general background on the Cotter and Burnett cases, briefly notes some symptoms alleged to have been omitted from the ALJ's step four discussion, and ends up with several pages attacking the ALJ's hypothetical posed to the vocational expert – this in a case in which Plaintiff has already criticized the ALJ for failing to call a vocational expert. Even if Plaintiff is correct that the ALJ's step four discussion did not include every symptom Plaintiff complained of, the inquiry which this Court makes is whether the determination is supported by substantial evidence. The inquiry is not whether there is some contrary evidence, but whether the determination is supported by substantial evidence. Plaintiff's listing of some omitted symptoms does not persuade this Court that the ALJ's residual functional capacity determination is not supported by substantial evidence.

This Court discerns no basis for finding error in the ALJ's determination that Plaintiff is not disabled. The Commissioner's decision is supported by substantial evidence and will be affirmed.

### III.  CONCLUSION

For the reasons stated above, this Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                             s/ Stanley R. Chesler
                                             STANLEY R. CHESLER, U.S.D.J.

Dated: March 15, 2011