<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

WILFREDO VARGAS,                          :
                                                          :
     Plaintiff,                             :                 Civil Action No. 10-892 (SRC)
                                                          :
     v.                                           :                 **OPINION**
                                                          :
COMMISSIONER OF SOCIAL          :
SECURITY,                                        :
                                                          :
     Defendant.                            :
_____:

<u>**CHESLER, District Judge**</u>

     This matter comes before the Court on the motion for reconsideration by Plaintiff Wilfredo Vargas ("Plaintiff") of the Opinion and Order entered on March 15, 2011.  In that Opinion, and the associated Order, this Court affirmed the decision of the Commissioner of Social Security ("Commissioner") determining that Plaintiff was not disabled under the Social Security Act.  For the reasons that follow, the motion for reconsideration will be granted.

     "A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  <u>See</u> <u>Banda v. Burlington County</u>, 263 Fed. Appx. 182, 183 (3d Cir. 2008) (citing <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999)); L. CIV. R. 7.1(i).

     Plaintiff seeks reconsideration of the Opinion and Order of March 15, 2011 in a brief

which, like the appeal brief, nearly obscures a valid and subtle point.[1]  In reviewing the ALJ's opinion, this Court had understood the ALJ's decision at step four to have been that Plaintiff had no non-exertional limitations to his residual functional capacity.  Indeed, the ALJ reviewed the evidence regarding psychiatric and psychological limitations and stated: "The claimant's complaints of disabling psychological/psychiatric limitations are not supported by the medical evidence."  (Tr. 19.)  There is, however, a problem: this conclusion is not fully consistent with the heading for the step four analysis:

> 5.    After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work . . . *involving no more than simple tasks*.

(Tr. 15) (italics added).  The ALJ's review of the evidence at step four, however, does not arrive at a finding that the claimant is limited to work involving no more than simple tasks.

This inconsistency opens the door to the possibility that Plaintiff is correct in asserting that the ALJ did find non-exertional limitations at step four.  The problem is compounded by the ambiguity inherent in the phrase "involving no more than simple tasks."  It is not clear what exactly the ALJ had in mind, and he does not explain.  This alone requires that the ALJ's decision be vacated under Burnett: "the function of Burnett is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review."  Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004).

The ALJ's failure to explain his finding at step four that Plaintiff was limited to work involving no more than simple tasks precludes meaningful review of that finding – if, in fact, that

---

[1] As Plaintiff's counsel candidly admits, much of the problem was created by his use of portions of a canned brief which had no application to the issues presented by the appeal.

was his finding.  If the ALJ did not find such a limitation, and in fact found no non-exertional

limitations, as the paragraph devoted to discussion of psychological issues suggests, then he

ought to make that clear.  If, on the other hand, the ALJ did find such a limitation, then he needs

to set forth the basis for his decision.[2]  While this Court will not speculate as to what the ALJ had

in mind, it sounds like it might well fall within the scope of the definition stated in 20 C.F.R. §

416.969a:

> Limitations or restrictions which affect your ability to meet the demands of jobs
> other than the strength demands, that is, demands other than sitting, standing,
> walking, lifting, carrying, pushing or pulling, are considered nonexertional.

Either way, the ALJ must sufficiently explain what his finding was to allow meaningful review.

Furthermore, if the ALJ did find a non-exertional limitation at step four, then Plaintiff is

exactly right that the Commissioner may not rely on the Grids alone at step five.  Poulos v.

Comm'r of Soc. Sec., 474 F.3d 88, 94 (3d Cir. 2007) ("The ALJ's reliance on the Guidelines in

the presence of Appellant's nonexertional limitations constitutes reversible error under *Sykes v.

Apfel*, 228 F.3d 259 (3d Cir. 2000).")

This Court concludes that it overlooked a subtle but important problem in the ALJ's

decision when it issued the Opinion and Order of March 15, 2011.  The motion for

reconsideration will be granted.  The Opinion and Order entered on March 15, 2011 will both be

vacated.  The Commissioner's decision will be vacated, and the matter remanded to the

---

[2] As Plaintiff observes, the ALJ's conclusion at step three that the claimant has moderate
difficulties with regard to concentration, persistence, and pace would seem to point in the
direction of finding a non-exertional limitation at step four.  Again, meaningful review of the
ALJ's decision requires some explanation of the effect of such moderate difficulties on
Plaintiff's residual functional capacity.

3

Commissioner for further proceedings in accordance with this Opinion.

s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.

Dated: April 28, 2011